UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES MCELWEE,

                               Plaintiff,

v.                              REPORT & RECOMMENDATION

DR. RIPPLE MARFATIA, *et al.*,      20-CV-6121-FPG-MJP

                              Defendants.

---

## INTRODUCTION

**Pedersen, M.J.** On June 28, 2021, the Clerk of Court issued an Order to Show Cause to Plaintiff ("McElwee") directing him to show cause as to why this case should not be dismissed pursuant to Western District of New York Local Rule of Civil Procedure 41(b). (Order to Show Cause, ECF No. 17.) For the reasons stated below, the undersigned recommends that the district court enter an order dismissing this case.

## BACKGROUND

By text order entered on March 12, 2021 (ECF No. 10), the district court referred this case to the undersigned for all pretrial matters excluding dispositive motions. On March 23, 2021, the undersigned scheduled a Rule 16 conference on April 21, 2021. (Order, ECF No. 11.) On April 21, 2021, McElwee indicated he was retaining counsel and wished to adjourn the conference for 30 days. (Minute Entry, ECF No. 14.) On May 24, 2021, the Court held another scheduling conference,

however McElwee failed to appear. (Minute Entry, ECF No. 15.) The Court mailed a copy of the minute entry to McElwee (*Id.*) which listed the next scheduling conference date. The minute entry for the May 24, 2021, hearing was created on June 2, 2021, and contained the following language:

> Minute Entry for proceedings held before Hon. Mark W. Pedersen: Scheduling Conference not held on 5/24/2021. Parties not present, the Court will reschedule the Conference to a later date. Scheduling Conference reset for 6/23/2021 at 9:30 AM before Hon. Mark W. Pedersen. The Conference will take place by telephone, parties are directed to call 877-402-9753, and enter access code 7137484 at the scheduled date and time. Copy of this Minute Entry mailed to Plaintiff's new address of 9537 Balm Riverview Rd. Riverview FL 33569. (Court Reporter FTR Gold.) (JB).

(Minute Entry, ECF No. 15.) On June 23, 2021, the Court convened another scheduling conference, and McElwee did not appear. (Minute Entry, ECF No. 16).

On June 28, 2021, the Clerk of Court issued the above-described Order to Show Cause. (Order to Show Cause, ECF No. 17.) The Order was mailed to the pro se Plaintiff at 9537 Balm Riverview Rd, Riverview, Fl 33569. (*Id.*) The Order to Show Cause directed Plaintiff to respond by July 28, 2021, and contained this warning: "Failure to comply with this order will result in the Court's recommendation that the action be involuntarily dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b)." (Order to Show Cause 1, ECF No. 17.)

## APPLICABLE LAW

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P.

41. This Court's Local Rule of Civil Procedure 41 permits the Court to issue an Order to Show Cause in the following situation:

> If a civil case has been pending for more than six (6) months and is not in compliance with the directions of the Judge or a Magistrate Judge, or if no action has been taken by the parties in six (6) months, the Court may issue a written order to the parties to show cause within thirty (30) days why the case should not be dismissed for failure to comply with the Court's directives or to prosecute.

W.D.N.Y. Loc. R. Civ. P. 41(b) (Jan. 1, 2020). The Second Circuit has held that:

> [A] district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir.1988) (internal quotations and citations omitted).

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

## ANALYSIS

Plaintiff commenced this action on February 26, 2020; thus, the case has been pending for more than six months. Plaintiff failed to show for the May and June scheduling conferences, and, more importantly, failed to respond to the Order to Show Cause.

The Court's June 28, 2021, Order to Show Cause was clear:

> Pursuant to Western District of New York Local Rule of Civil Procedure 41(b), **plaintiff James McElwee is hereby ordered to show cause** as to why this case should not be dismissed for failure to prosecute.

3

> The deadline to respond to this Order to Show Cause is August 17, 2020. Failure to comply with this order will result in the Court's recommendation that the action be involuntarily dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

(Order to Show Cause 1, ECF No. 17.) The only conclusion to draw from Plaintiff's failure to comply with the Court's orders is that he is deliberately ignoring them.

The Court will be providing McElwee another opportunity to respond to its orders by way of objecting to this Report and Recommendation, and if he fails to do so, the Court will be fully justified in dismissing the case. This matter has been pending since February 2020 and discovery has still not been completed, nor has the Court been able to hold a scheduling conference as required by Federal Rule of Civil Procedure 16. By failing to respond to the Court's orders to appear for a Rule 16 conference, and by ignoring the Court's Order to Show Cause, Plaintiff has demonstrated that no lesser sanction will successfully move this case forward.

## CONCLUSION

For all of the above reasons, the undersigned recommends that the district court enter an Order dismissing this case with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS**[1] to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

---

[1] **NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**: The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Geraci.

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

DATED:   October 27, 2021
         Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge